Belknap,
No. 4316.

GEORGE A. POIRE & a.

*v.*

SOPIA SERRA & a.

Argued June 2, 1954.

Decided July 1, 1954.

*Nighswander, Lord & Bownes* (*Mr. Bownes* orally), for the plaintiffs.

*William W. Keller* (by brief and orally), for the defendants.

LAMPRON, J. "The rights of riparian owners at common law to a beneficial use of the water of the river or stream, passing through or adjacent to their lands, are not open to serious doubt." *Swain* v. *Company*, 76 N. H. 498, 499; *Roberts* v. *Company*, 74 N. H. 217, 220. Such owner may also use the bed of the river adjacent to his land for a purpose which is not unlawful and which in view of his own interest and that of all persons affected by it is a reasonable use. *Norway Plains Co.* v. *Bradley*, 52 N. H. 86. "For the consequences to others of such a use; he is not responsible." *Franklin* v. *Durgee*, 71 N. H. 186, 187.

"What is a reasonable use . . . must depend upon a variety of conditions, such as the size and character of the stream, and the uses to which it can be or is applied; and, from the nature of the case, it is incapable of being defined to suit the vast variety of circumstances that exist; but the rule is flexible, and suited to the growing and changing wants of communities.

"Whether the diversion or interference with the stream is rightful in a particular case must depend upon the question whether, under all the circumstances of the case, it is or is not a reasonable

use of the stream; and, in determining that question, the extent of the benefit to [one] . . . and of inconvenience or injury to others, may, very properly, be considered." *Norway Plains Co.* v. *Bradley, supra,* 110; *Rindge* v. *Sargent,* 64 N. H. 294; *Gillis* v. *Chase,* 67 N. H. 161.

The defendants are using, by filling it in, part of the bed of the Winnipesaukee River adjacent to their land in order to erect thereon a shop 40 feet by 24 feet to be used as a work shop and to store materials and equipment.

The plaintiffs use the river as their means of livelihood by conducting a boat and bait business. They contend that defendants' action has caused and will continue to cause a change in the flow of the river and will result in some sedimentation being deposited near their main dock which would not otherwise be so deposited. This they say will lessen the depth of the water near this dock and will seriously interfere with their business.

There was a conflict in the evidence. Plaintiffs presented the testimony of an expert that: "Well, I don't think there is any question but what the velocity of the water that normally would flow in this area will be cut down appreciably; and when you cut the velocity of water carrying any material, sediment . . . there is a settlement of that material in the water . . . There is no question but what this obstruction has greatly aggravated that situation there of sedimentation, that it will be increased way beyond what you had before that fill was placed there."

The defendants' evidence was that: "In this particular area now, it doesn't show any sand deposit from the current of the water coming down the river. There is no sand there." "Well I made a very simple test down there the other day. I took a shovel full of common dirt and I dumped it in the water and noticed which way the current was carrying it; and it didn't carry it over 30 inches at the most." Frank Serra testified that he has been living there for 40 years and there has never been any current out in front of his property.

The findings of the Trial Court that the fill placed in the river by the defendants does not materially change the flow of the river nor cause any appreciable amount of sedimentation at plaintiffs' main dock nor result in substantial damage to them are supported by the evidence and must be sustained.

The Court's finding and ruling that this was a reasonable use

of defendants' land is also supported by the evidence and must be sustained. We cannot say that it was error as a matter of law.

*Exceptions overruled.*

All concurred.